TurNey, J.,
delivered the opinion of the Court.
The charge of his Honor, the Circuit Judge, is erroneous. The suit was commenced before a Justice of the Peace, on the following note:
“$163.76.
“One day after date, we promise to pay A. W. Tor-bett; one hundred and sixty-three dollars and seventy-six cents, for value received. May 9th, 1865.
(Signed,) “J. H. Worthy,
“Geo. Worthy.”
There was an appeal from the judgment of the Justice to the Circuit Court, where there was verdict and judgment for the defendants, and an appeal to this Court. The defendants proved that about the time the note bears date, A. T. Hicks calculated the interest on the following two notes, viz:
*109 “Due W. W. Lillard, ninety-three dollars and thirty-eight cents, for value received. Sept. 26, 1862; money collected for him.
(Signed,) “James H. Worthy.”
Endoesed. — “Received on the within note, sixteen dollars and thirty-four cents. Nov. 27, 1862. $16.34.
“With recourse, for value received, to A. W. Torbett, January 1, 1863. W. W. Lillard.”
Second Note. — “Due W. W. Lillard, seventy-two dollars and eighty-nine cents, for money collected for him, Sept. 27, 1862.
(Signed,) “J. W. Worthy.”
Endorsed. — “With recourse, for value received,- I assign the within to A. W. Torbett. January 2, 1863.
“W. W. Lillard.”
Defendants also proved that the consideration of the last two notes was Confederate ■ money; that defendant, J. H. Worthy, had executed to the plaintiff the note sued on, with defendant, George Worthy, as security in renewal of the two last described notes, which had been assigned by Lillard to plaintiff.
The Court charged the jury, “that if the jury should find from the .testimony in this cause, that the consideration of one or of the both notes executed to Lillard, produced and read by the defendant on the trial in this cause, was Confederate Treasury notes, and that they were transferred to the plaintiff after due, that they would be subject to the same defenses in the plaintiff’s hands as they would have been subject to in the hands of Lillard, to whom they were executed; and that if the jury should find that these notes were renewed by the *110 defendants, and the consideration of either or both of them was Confederate Treasury notes, and they were included in the note sued on in this action — in that event, no recovery could be had in favor of the plaintiff, and the jury should find for the defendants..”
This was error. The indorsements upon the notes show them to have gone into the hands of the plaintiff, for a valuable consideration to the assignor.
If the consideration of Confederate money was a defense of which the maker might have availed himself as against the payee, and as against the assignee taking the notes over-due, the defendants waived that defense by the execution of the ■ note sued on, without claiming the defense, or bringing it to the knowledge of the plaintiff. Besides, the assignor had assigned the original notes Avith recourse, and for value, thereby, although inarti-ficially expressing it, making himself liable to the as-signee.
By executing the new note with security for the two original notes, the plaintiff was induced to and did surrender the guarantee of Lillard; this, of itself, was a sufficient consideration for the note sued on.
Judgment reversed, and cause remanded.